IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-HC-2254-D

AARON LANCE STEPHEN,                    )
                                        )
                Petitioner,             )
                                        )
        v.                              )           ORDER
                                        )
LESLIE COOLEY DISMUKES,[1]              )
                                        )
                Respondent.             )

Aaron Lance Stephen ("Stephen" or "petitioner"), a state inmate proceeding pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2254 [D.E. 1]. Stephen paid the filing fee. Stephen moves to amend his petition, serve respondent, receive a scheduling order, conduct discovery, and proceed. See [D.E. 7, 8, 9, 10, 11]. The court conducts its initial review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

A party may amend his pleading once as a matter of course within 21 days after service, or, if it is a pleading requiring a response, within 21 days after service of the response or service of a motion under Rule 12(b), (e), or (f). See Fed. R. Civ. P 15(a)(1). Otherwise, a party may amend his pleading only with the written consent of the opposing party or by leave of court. See Fed. R. Civ. P. 15(a)(2). Respondent has not been served or directed to answer the petition. Thus, the court grants Stephen's motion to amend, and reviews all of Stephen's filings to determine whether he has stated a claim upon which relief may be granted.

---

[1] Stephen named the warden as respondent. See [D.E. 1] 1. Stephen must name the state officer having custody over him as respondent. See Rules Governing Section 2254 Cases., R. 2. Thus, the court substitutes Leslie Cooley Dismukes, the Secretary of the North Carolina Department of Adult Correction. See N.C. Gen. Stat. § 148-4; see, e.g., Rumsfeld v. Padilla, 542 U.S. 426, 434–35 (2004).

Stephen challenges his state convictions for first-degree murder, concealment of death, and possession of a firearm by a felon. See [D.E. 1] 1; [D.E. 7] 1. It does not clearly appear from the face of the petition that Stephen is not entitled to relief. The clerk shall maintain the management of the action in accordance with the district plan and serve respondent with the petition. Accordingly, Stephen's motions to serve, for a scheduling order, and to proceed are denied as moot. See [D.E. 8, 9, 11].

As for Stephen's motion for leave to conduct discovery, "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). Instead, discovery may be permitted "for good cause." Rules Governing Section 2254 Cases, R. 6(a); see Juniper v. Zook, 876 F.3d 551, 572 n.9 (4th Cir. 2017). Stephen fails to establish good cause. See Stephens v. Branker, 570 F.3d 198, 213 (4th Cir. 2009). Accordingly, the court denies the motion.

In sum, the court GRANTS petitioner's motion to amend his petition [D.E. 7], DENIES petitioner's motion for leave to conduct discovery [D.E. 10], DENIES AS MOOT petitioner's remaining motions [D.E. 8, 9, 11], and DIRECTS the clerk to substitute Leslie Cooley Dismukes as respondent and to serve respondent with the petition.

SO ORDERED. This 15 day of May, 2026.

_____
JAMES C. DEVER III
United States District Judge

2